**ABBOTT-STANSELL MOTOR COMPANY, Appellant,**

v.

**CHRYSLER MOTORS CORPORATION et al., Appellees.**

No. 20877.

United States Court of Appeals Fifth Circuit.

June 9, 1964.

**323**

appeal was taken. We think the questions here presented have been correctly determined in Woodard v. General Motors Corporation, 5th Cir. 1962, 298 F.2d 121, cert. den. 369 U.S. 887, 82 S.Ct. 1161, 8 L.Ed.2d 288, and in Milos v. Ford Motor Co., 3rd Cir. 1963, 317 F.2d 712, cert. den. 375 U.S. 896, 84 S.Ct. 172, 11 L.Ed.2d 125. The judgment of the district court is

Affirmed.

---

William H. White, Grant Cook, Bracewell, Reynolds & Patterson, Houston, Tex., of counsel, for appellant.

Keith A. Jenkins, Detroit, Mich., William C. Harvin, Houston, Tex., David W. Kendall, Detroit, Mich., Baker, Botts, Shepherd & Coates, Houston, Tex., of counsel, for appellees.

Before HUTCHESON, PRETTYMAN * and JONES, Circuit Judges.

PER CURIAM.

The appellee, Chrysler Motors Corporation, cancelled an automobile dealer franchise agreement between it and the appellant, Abbott-Stansell Motor Company, one of its dealers. The appellant filed a complaint against Chrysler under the so-called Automobile Dealers Day in Court Act [1] asserting a claim for damages and alleging that Chrysler had not acted in good faith in terminating the agreement. The district court found that the evidence failed to show that Chrysler did anything more than exercise its lawful rights existing under the agreement and its termination was not the result of bad faith on the part. of Chrysler. The trial judge directed a verdict for Chrysler and a judgment was rendered against the appellant. From that judgment this